UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JIMMIE LEE JONES,

        Petitioner,

v.                                    Case No. 1:04-CV-249

PAUL H. RENICO,                    HON. GORDON J. QUIST

        Respondent.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has before it Petitioner's Objection To Magistrate's Report and Recommendation dated April 13, 2007, in which Magistrate Judge Brenneman recommended that Petitioner's petition for writ of habeas corpus be denied. Petitioner raised the following five grounds for relief in his habeas petition: (1) insufficiency of evidence to support his conviction for assault with intent to murder; (2) insufficiency of evidence to support his conviction for first degree home invasion; (3) deprivation of his liberty without due process of law when he was charged and convicted of the same criminal elements twice in violation of the Fifth Amendment Double Jeopardy Clause; (4) the prosecution was barred by collateral estoppel; and (5) the Kalamazoo County Circuit Court lacked jurisdiction to bring criminal charges against Petitioner.

Regarding claims 1 and 2, the magistrate judge concluded that there was constitutionally sufficient evidence to support those convictions and that the Michigan Court of Appeals' resolution of these issues was neither contrary to, nor an unreasonable application of, clearly established law as determined by the Supreme Court. The magistrate judge also concluded that the Michigan Court

of Appeals properly applied the *Blockburger* test in concluding that Petitioner's convictions for assault with intent to murder and first-degree home invasion did not involve multiple prosecutions or multiple punishments in violation of the Double Jeopardy Clause. Although the Michigan Court of Appeals did not address Petitioner's conviction for aggravated stalking, the magistrate judge concluded that the aggravated stalking conviction also did not violate the Double Jeopardy Clause. Regarding grounds 4 and 5, the magistrate judge concluded that Petitioner failed to establish a federal constitutional violation regarding the collateral estoppel issue and that the jurisdictional issue presented an issue of state law not cognizable in a federal habeas proceeding.

In his objection, Petitioner addresses ground 1 regarding sufficiency of the evidence for the assault with intent to murder conviction and, apparently, ground 3 regarding the Double Jeopardy Clause. Having conducted a *de novo* review of the report and recommendation on these two grounds, the Court concludes that the report and recommendation should be adopted.

With regard to the sufficiency of the evidence argument, Petitioner cites what he contends to be favorable evidence suggesting that he did not have the intent to commit murder. Nothing in Petitioner's argument shows that the magistrate judge's conclusion regarding this issue was erroneous. Petitioner fails to acknowledge the substantial evidence cited by the Michigan Court of Appeals and the magistrate judge as supporting the conviction on this charge. At best, Petitioner's argument is a closing argument for a jury, not an explanation of why the evidence was insufficient to support the conviction.

Regarding the Double Jeopardy Clause argument, Petitioner cites various Michigan cases but fails to explain why the Michigan Court of Appeals or the magistrate judge erred in concluding that there was no Double Jeopardy Clause violation. The fact that the circuit court judge used the word

2

"assault" in connection with Petitioner's violation of the personal protection order is immaterial. Petitioner fails to explain why his assault with intent to murder conviction was a second prosecution under the *Blockburger* test.  Petitioner also makes an argument regarding the aggravated stalking conviction that is difficult to understand.  His argument pertains to service of the personal protection order and his criminal contempt conviction for violating the personal protection order.   Again, Defendant fails to explain why the magistrate judge's conclusion that the elements of the aggravated stalking charge and the criminal contempt conviction included different elements is erroneous. Therefore,

   **IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued April 13, 2007 (docket no. 31) is **APPROVED AND ADOPTED** as the Opinion of this Court.

   **IT IS FURTHER ORDERED** that Petitioner's Objection To Magistrate's Report And Recommendation (docket no. 34) are **OVERRULED**.

   **IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas corpus is **DENIED**.


Dated:  July 20, 2007                              _____/s/ Gordon J. Quist_____
                                                              GORDON J. QUIST
                                                              UNITED STATES DISTRICT JUDGE